ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Capy Machine Shop, Inc. ) | ASBCA No. 59133 |
| ) | |
| Under Contract No. SPE4A7-13-M-D099 ) | |

APPEARANCE FOR THE APPELLANT: Mr. Salvatore Capacchione
President

APPEARANCES FOR THE GOVERNMENT: Daniel K. Poling, Esq.
 DLA Chief Trial Attorney
 Edward R. Murray, Esq.
 Adrienne D. Bolton, Esq.
 Trial Attorneys
 DLA Aviation
 Richmond, VA

## OPINION BY ADMINISTRATIVE JUDGE TUNKS ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

This appeal arises from the termination for default of an order to supply parts for the A-10 aircraft to the Defense Logistics Agency Aviation (DLA Aviation or government). DLA Aviation moves for summary judgment, alleging that there are no material facts in dispute and that it is entitled to judgment as a matter of law on the ground of anticipatory repudiation and appellant's alleged default is unexcused. Capy Machine Shop, Inc., (Capy or appellant) opposes the motion.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. On 9 July 2013, Mr. John Vlachos, general manager of Capy, accepted Order No. SPE4A7-13-M-D099 to provide 27 splice fairings to DLA Aviation. The order also required submission of one first article test for a total contract price of $52,232.85.[1] The first article delivery date was 6 January 2014. (R4, tab 9 at 1)

2. The order incorporated FAR 52.249-8, DEFAULT (FIXED-PRICE SUPPLY AND SERVICE) (APR 1984) by reference which provides, in part, as follows:

> (a)(1) The Government may, subject to paragraphs
> (c) and (d) of this clause, by written notice of default to the

---

[1] The order resulted from a Request for Quotations issued by the government on 3 June 2013 (R4, tabs 3, 4).

Contractor, terminate this contract in whole or in part if the Contractor fails to—

(i) Deliver the supplies or to perform the services within the time specified in this contract or any extension;

....

(c) Except for defaults of subcontractors at any tier, the Contractor shall not be liable for any excess costs if the failure to perform the contract arises from causes beyond the control and without the fault or negligence of the Contractor. Examples of such causes include (1) acts of God or of the public enemy, (2) acts of the Government in either its sovereign or contractual capacity, (3) fires, (4) floods, (5) epidemics, (6) quarantine restrictions, (7) strikes, (8) freight embargoes, and (9) unusually severe weather. In each instance the failure to perform must be beyond the control and without the fault or negligence of the Contractor.

(d) If the failure to perform is caused by the default of a subcontractor at any tier, and if the cause of the default is beyond the control of both the Contractor and subcontractor, and without the fault or negligence of either, the Contractor shall not be liable for any excess costs for failure to perform, unless the subcontracted supplies or services were obtainable from other sources in sufficient time for the Contractor to meet the required delivery schedule.

(R4, tab 1 at 18 of 18)

3. On 7 November 2013, Mr. Vlachos emailed Mr. Donnie W. Graves, the contracting officer (CO), as follows:

Please cancel the above contract at no cost to Capy Machine.

Our forming vendor can't locate his tooling [.]

(R4, tab 6)

2

4. On 13 November 2013, CO Graves issued a show cause notice to Capy:

> Because you have indicated in an e-mail dated
> 07 NOV 2013 citing an inability to locate tooling on
> contract SPE4A7-13-M-D099 within the time required by
> its terms and thereby requesting termination for
> convenience, the Government is considering terminating
> this contract under the provisions for default. Pending a
> final decision in this matter, it will be necessary to
> determine whether your failure to perform arose from
> causes beyond your control and without your fault or
> negligence. Accordingly, you are given the opportunity to
> present, in writing, any facts bearing on the question to
> me...within 10 days after receipt of this notice.
>
> ....
>
> If you have any questions, please contact
> Len DuPilka, Contract Administrator....

(R4, tab 7)

5. On 26 November 2013, Mr. Vlachos emailed Mr. Len J. DuPilka, the contract administrator, as follows:

> The cost of new tooling is $26,512.00 total which wasn't
> included on the quote.
> That is the reason for asking to cancel this contract.

(R4, tab 8)

6. The record contains a quotation from Banner Metalcraft, Inc., dated 23 September 2013, the contract having been awarded on 9 July 2013, which includes a one-time tooling charge of $26,512.00 (Bd. corr., attach. to notice of appeal).

7. On 12 December 2013, Ms. Janice Hicks, the terminating contracting officer (TCO), terminated the contract for default, stating as follows:

> You are hereby notified that contract SPE4A7-13-M-D099
> is terminated for default effective immediately. Your right
> to proceed further with performance of this contract is
> terminated. The termination is based on your failure to
> perform in accordance with the terms and conditions of the

3

contract. The terminated supplies may be procured against
your account and you will be held liable for excess costs.

(R4, tab 10)

8. On 9 January 2014, Capy appealed the TCO's final decision to this Board where it was docketed as ASBCA No. 59133. The following was attached to Capy's notice of appeal:

These parts required tooling. When we quoted the
solicitation the tooling was available to us. After we were
awarded this order we found out that the tooling could not
be located. This meant that we would have to create new
tooling at [a] cost of $26,512.00. This cost was not
included in our original quote.... We could not afford to
complete this order so we requested a cancellation with no
cost to either party.

## DECISION

Summary judgment is properly granted only where the moving party has met its burden of proving the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. *Mingus Constructors, Inc. v. United States*, 812 .2d 1387, 1390 (Fed. Cir. 1987). The government bears the burden of proof to justify the default termination. When the government establishes a *prima facie* case that the termination was justified, the burden shifts to the contractor to demonstrate that the default was excusable. *Hanley Industries, Inc.*, ASBCA No. 56584, 14-1 BCA ¶ 35,699.

The government argues that there are no material facts in dispute and that it is entitled to summary judgment on the ground of anticipatory repudiation. The record establishes that the first article delivery date was 6 January 2014. By email dated 7 November 2013, Mr. Vlachos, Capy's general manager, requested CO Graves to cancel the contract at no cost because its forming vendor could not find the necessary tooling. On 26 November 2013, Mr. Vlachos emailed Mr. DuPilka, the contract administrator, again requesting that the government cancel the contract on the same grounds.

The government has not demonstrated that Capy repudiated the contract. Anticipatory repudiation requires a "positive, definite, unconditional, and unequivocal" manifestation on the part of the contractor that he will not perform the contract. *Cascade Pacific International v. United States*, 773 F.2d 287, 293 (Fed. Cir. 1985). Capy communicated with the CO twice before the contract was terminated. On 7 November 2013, Capy requested a no cost cancellation, stating that its "forming vendor can't locate his tooling." On 26 November 2013, Capy advised that the "cost of new tooling is $26,512.00 total which wasn't included on the quote. That is the reason for asking to

4

cancel this contract." These communications do not reflect a positive, definite, unconditional and unequivocal refusal to perform.

Accordingly, the government's motion for summary judgment is denied.

Dated: 22 October 2014

ELIZABETH A. TUNKS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59133, Appeal of Capy Machine Shop, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5